Citation Nr: 1523829 
Decision Date: 06/04/15 Archive Date: 06/16/15

DOCKET NO. 13-35 325 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Louisville, Kentucky


THE ISSUES

1. Whether new and material evidence has been received to reopen the claim of entitlement to service connection for a low back disorder, and if so, whether service connection is warranted for the claimed disorder.

2. Entitlement to service connection for lumbar radiculopathy.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESSES AT HEARING ON APPEAL

Appellant, his spouse and S.C.



ATTORNEY FOR THE BOARD

B. Berry, Counsel


INTRODUCTION

The Veteran served on active duty from October 1984 to October 1988. 

These matters come to the Board of Veterans' Appeals (Board) on appeal from a rating decision dated in April 2013 by the Department of Veterans Affairs (VA) Regional Office (RO) in Louisville, Kentucky.

The Veteran testified during a hearing before the undersigned Veterans Law Judge in September 2014. A transcript of the hearing is of record.

The issue of entitlement to service connection for lumbar radiculopathy is addressed in the REMAND portion of the decision below and is REMANDED to the Agency of Original Jurisdiction (AOJ).


FINDINGS OF FACT

1. A rating decision dated in December 2011 denied the Veteran's service connection claim for a low back disorder and the Veteran did not submit a notice of disagreement within the required time period.

2. Evidence associated with the claims file since the December 2011 rating decision was not of record at the time of the rating decision, and when considered in conjunction with the record as a whole, relates to an unestablished fact necessary to substantiate the Veteran's claim of entitlement to service connection for a low back disability.

3. The evidence of record is at least in equipoise with respect to whether the Veteran's current diagnosis of lumbar spondylosis is related to active military service.


CONCLUSIONS OF LAW

1. The evidence received subsequent to the December 2011 rating decision is new and material and the claim of entitlement to service connection for a low back disability is reopened. 38 U.S.C.A. §§ 5108, 7105(c) (West 2014); 38 C.F.R. § 3.156(a) and (c) (2014).

2. Resolving all reasonable doubt in the Veteran's favor, lumbar spondylosis was incurred during active military service. 38 U.S.C.A. § 1131 (West 2014); 38 C.F.R. § 3.303 (2014).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

I. Notice and Assistance

The United States Department of Veterans Affairs (VA) has a duty to notify and assist a claimant in developing a claim. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159 and 3.326(a) (2014). In this case, the Board is granting in full the benefits sought on appeal. Accordingly, assuming, without deciding, that any error was committed with respect to either the duty to notify or the duty to assist, such error was harmless and will not be further discussed. 

II. New and Material Evidence 

As an initial matter, establishing service connection generally requires medical evidence or, in certain circumstances, lay evidence of the following: (1) A current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) nexus between the claimed in-service disease and the present disability. See Davidson v. Shinseki, 581 F.3d 1313 (Fed.Cir.2009); Jandreau v. Nicholson, 492 F.3d 1372 (Fed.Cir.2007); Hickson v. West, 12 Vet. App. 247 (1999); Caluza v. Brown, 7 Vet. App. 498 (1995), aff'd per curiam, 78 F.3d 604 (Fed.Cir.1996) (table). Pursuant to 38 C.F.R. § 3.303(b), a claimant may establish the second and third elements by demonstrating continuity of symptomatology for specific chronic disabilities listed in 38 C.F.R. § 3.309(a). See Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013).

A finally decided claim will be reopened in the event that new and material evidence is presented. 38 U.S.C.A. § 5108 (West 2002). "New" evidence means existing evidence not previously submitted to VA. "Material" evidence means existing evidence that by itself or when considered with previous evidence of record relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened and must raise a reasonable possibility of substantiating the claim. 38 C.F.R. § 3.156 (2012). When determining whether the claim should be reopened, the credibility of the newly submitted evidence is presumed. Justus v. Principi, 3 Vet. App. 510, 512-13 (1992). Competency of new evidence, however, is not presumed. 

The threshold for determining whether new and material evidence raises a reasonable possibility of substantiating a claim is "low." Moreover, in determining whether this low threshold is met, consideration need not be limited to consideration of whether the newly submitted evidence relates specifically to the reason why the claim was last denied, but instead should ask whether the evidence could reasonably substantiate the claim were the claim to be reopened, either by triggering the VA's duty to assist or through consideration of an alternative theory of entitlement. See Shade v. Shinseki, 24 Vet. App. 110 (2010). 

The Veteran initially applied for service connection for a lower back condition in August 2005. A rating decision in January 2006 denied the Veteran's claim on the basis that the Veteran's lower back was not incurred in or caused by service. The Veteran did not submit a notice of disagreement with this decision. The Veteran's service treatment records were not associated with the claims file at the time of the January 2006 rating decision. The Veteran requested that the RO reconsider the prior denied claim in a November 2011 letter. He also submitted copies of his service treatment records. A rating decision in December 2011 denied the Veteran's claim on the basis that the evidence did not show a specific diagnosis of a low back condition or a link between his current back condition and an event, injury, or illness in service. The relevant evidence of record at the time of the December 2011 rating decision consisted of the Veteran's service treatment records, private treatment records, VA treatment records, a VA examination dated in December 2011 and lay statements from the Veteran. The Veteran did not submit a notice of disagreement with the December 2011 rating decision within the required time period. Therefore, the December 2011 rating decision is final based on the evidence then of record. See 38 U.S.C.A. § 7105; 38 C.F.R. § 20.1103.

The Veteran submitted another claim of entitlement to service connection for a low back disability in September 2012. The relevant evidence of record received since the December 2011 rating decision includes VA treatment records, a private medical opinion dated in August 2012, lay statements from the Veteran, and a Board hearing transcript dated in September 2014. The evidence received since the December 2011 rating decision is new in that it was not of record at the time of such decision. The August 2012 opinion from the private physician indicates that the has a current back disorder that is related to the Veteran's back complaints and injury in service. This medical opinion is neither cumulative nor redundant of the evidence of record in December 2011 and it raises a reasonable possibility of substantiating the Veteran's claim by addressing a missing element of the claim, i.e., a nexus to active military service.

Based on the foregoing, the Board finds the new evidence relates to an unestablished fact necessary to substantiate the claim and raises a reasonable possibility of substantiating the claim. 38 C.F.R. § 3.156(a). Such evidence is so significant that it must now be considered in order to decide fairly the merits of the claim. Accordingly, the Veteran's claim of entitlement to service connection for a low back disorder is reopened. 38 C.F.R. § 3.156(a).

III. Criteria and Analysis for Service Connection Claims

The Veteran contends that his current low back disorder is related to an injury that occurred during active military service. He claims that he has had continuous low back pain since service. 

In assessing whether the Veteran is entitled to service connection for a low back disability, the evidence of record must show that the Veteran currently has the claimed disability. A letter from a private physician dated in August 2012 shows the Veteran has a diagnosis of lumbar spondylosis. VA treatment records also indicate that the Veteran has a current diagnosis of degenerative disc disease. Thus, there is medical evidence of a current diagnosis of a low back disability. 

Establishing service connection generally requires medical evidence or, in certain circumstances, lay evidence of the following: (1) A current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) nexus between the claimed in-service disease and the present disability. See Davidson v. Shinseki, 581 F.3d 1313 (Fed.Cir.2009); Jandreau v. Nicholson, 492 F.3d 1372 (Fed.Cir.2007); Hickson v. West, 12 Vet. App. 247 (1999); Caluza v. Brown, 7 Vet. App. 498 (1995), aff'd per curiam, 78 F.3d 604 (Fed.Cir.1996) (table). Pursuant to 38 C.F.R. § 3.303(b), a claimant may establish the second and third elements by demonstrating continuity of symptomatology for specific chronic disabilities listed in 38 C.F.R. § 3.309(a). See Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013).

The Veteran's service treatment records reveal that the Veteran sought treatment for and was diagnosed with a low back disability during active military service. Specifically, the Veteran's service treatment records document that he sought treatment for low back pain approximately four times in September 1985. He was diagnosed with musculoskeletal strain with spasm. He complained of low back pain twice in October 1985. A November 1987 service treatment record also documents complaints of back pain. He was diagnosed with mechanical low back pain. 

With respect to the issue of whether the Veteran's current lumbar spondylosis is related active military service, the Board observes that the record contains conflicting medical opinions. A private orthopedic spine surgeon in August 2012 provided the opinion that the Veteran's current lumbar spondylosis is related to active military service. Specifically, he stated that "[a]s far as causation it appears that the incident that occurred when he was in the military in 1985 is the event that brought him down this course." The surgeon based his opinion on the Veteran's credible statements of pain ever since the in-service injury to his back in 1985 that progressively became worse over time and his service treatment records dated in 1985. In contrast, a December 2011 VA examiner provided the opinion that the claimed condition was less likely than not incurred in or caused by the claimed in-service injury. The examiner explained that there was no medical evidence of complaints of low back pain from 1987 to 2005. He also noted that current x-rays did not explain the Veteran's current complaints and other imaging studies were not available or had not been done, so there was no explanation for the Veteran's current complaints. The Board notes that an MRI conducted after this medical examination shows that the Veteran has a current diagnosis of lumbar spondylosis. Thus, the Va examiner's opinion is of low probative value as it was based on medical evidence that did not reflect a diagnosis of a low back disability.

After a careful review of the evidence to include the aforementioned medical opinions, the Board finds no reason to accord more weight to the negative medical opinion over the positive medical opinion. Thus, the record contains an approximate balance of positive and negative evidence regarding the issue of whether the Veteran's current low back disability is related to active military service. As such, the Board resolves any reasonable doubt in favor of the Veteran. 38 U.S.C.A. § 5107(b) (West 2014); 38 C.F.R. § 3.102 (2014). Accordingly, the Board finds that entitlement to service connection for lumbar spondylosis is warranted.


ORDER

Entitlement to service connection for lumbar spondylosis is granted. 
REMAND

The Veteran contends that he has low back pain and burning that radiates to the right groin and into the right thigh. A March 2012 VA treatment record shows that the Veteran had the signs and symptoms of lumbar radiculopathy. However, an EMG conducted in May 2012 shows that the Veteran had a normal study and there was no evidence of peripheral neuropathy or right lumbosacral radiculopathy. The Veteran was not provided with a VA examination regarding the Veteran's service connection claim for lumbar radiculopathy as secondary to his service-connected lumbar spondylosis. As there is evidence that indicates the Veteran may have radiculopathy related to the Veteran's service-connected back disability, the Veteran should be provided with a VA examination and opinion. 

Accordingly, the case is REMANDED for the following action:

1. Contact the Veteran to determine whether he has any outstanding VA or private treatment records with respect to his claimed lumbar radiculopathy. After securing the appropriate consent, if necessary, from the Veteran, VA should attempt to obtain any such treatment records adequately identified by the Veteran that have not previously been associated with the Veteran's VA claims folder. All attempts to secure this evidence must be documented in the claims file.

2. After completing the foregoing and associating any outstanding evidence with the claims file, schedule the Veteran with a VA examination to evaluate the Veteran's service connection claim for lumbar radiculopathy. Prior to the examination, the claims folder and a copy of this remand must be made available to the examiner for review of the case. A notation to the effect that this record review took place should be included in the report. All indicated evaluations, studies, and tests deemed necessary by the examiner should be accomplished. After reviewing all pertinent records associated with the claims file and conducting an evaluation of the Veteran, the examiner should provide an opinion on whether the Veteran has a current diagnosis of neuropathy or radiculopathy of the lower extremities, and if so, whether it is at least as likely as not (i.e., a 50 percent or more probability) that the neuropathy and/or radiculopathy found on examination or in the medical record is caused by or aggravated (chronically worsened) by the Veteran's service-connected back disability.

The examiner should provide an explanation for all conclusions reached.

3. Upon completion of the foregoing, readjudicate the Veteran's service connection claim for lumbar radiculopathy based on a review of the entire evidentiary record. If the benefit sought on appeal remains denied, provide the Veteran and his representative with a supplemental statement of the case and the opportunity to respond thereto. Thereafter, subject to current appellate procedure, the case should be returned to the Board for further consideration, if in order.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




______________________________________________
MILO H. HAWLEY
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs